L. H. PHILO CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46745.    Promulgated May 12, 1931.

*W. A. Seifert, Esq.*, and *William Powderly, Jr., Secretary*, for the petitioner.

*C. H. Curl, Esq.*, for the respondent.

154

OPINION.

SEAWELL: It is contended in behalf of petitioner that the facts of the case are not such as to make it subject to the provisions of section 204 (a) (7) and (c) of the Revenue Acts of 1924 and 1926, for the reason that L. H. Philo owned only four-ninths interest in the partnership of Philo-Selby Company and immediately after the acquisition of the assets of said partnership by the L. H. Philo Corporation he owned the entire stock of said corporation, and did not occupy the position of a person in whom an interest or control of 80 per centum or more "remained" as contemplated by the statute.

It is further insisted in behalf of the petitioner that the transfer to it of the assets formerly owned by the partnership was by *both* Philo and Selby, although the consideration therefor, the entire stock of petitioner, was immediately thereafter received and owned by Philo. It is also argued that the statute requires a continuity of interest from the transferor to petitioner corporation, which did not exist in the instant case.

In behalf of the respondent it is contended that the statute above mentioned is applicable and that it makes no difference whether the partnership assets were transferred to the petitioner for its capital stock by Philo and Selby, constituting the partnership of Philo-Selby Company, or by Philo alone after acquiring the interest of Selby therein, since one of the same persons making the transfer immediately thereafter became the owner of the stock of the petitioner and more than an 80 per centum interest therein continued with or remained in him, Philo.

This same corporation has heretofore been before us for a redetermination of deficiencies in income and excess-profits taxes for prior fiscal years and our decision thereon is reported in 16 B. T. A. 130. In that case we found that the evidence indicated that Philo intended buying the interest of Selby in their partnership and that he in fact did so and, as indicated by the evidence in the instant case, turned over all the assets formerly owned by the partnership to the petitioner for its entire authorized capital stock, of which he became sole owner.

The respondent has continued to consider and treat the transfer of assets to petitioner as having been made by Philo, as the journal

entries on petitioner's records indicate and as we before, on the evidence then submitted, found, and in the absence of evidence other than the "Bill of Sale and Agreement" herein mentioned in our findings of fact, and which affords no explanation of how Philo became entitled to immediate ownership of all the stock of the petitioner, upon the acquisition of the firm assets of Philo-Selby Company, by the petitioner, except on the theory that he had in fact in some way previously acquired Selby's partnership interest, we are of the opinion that the presumption of the correctness of respondent's determination has not been overcome.

In view of such conclusion, there is no occasion for discussing the question of "continuity of interest" suggested, nor authorities cited, by petitioner's counsel.

The evidence indicates Philo bought or acquired Selby's partnership interest prior to the acquisition of the partnership assets by petitioner and, in such event, no doubt as to "continuity of interest" or as to there remaining with Philo an interest in said property of 80 per centum or more could arise and the determination of the respondent is approved.

*Judgment will be entered for the respondent.*